### Samuel May *v.* H. G. May.

**Accepted Order Discharged the Debt of the Drawer.**
> An order for money, when accepted by the drawee, discharges the debt of the drawer, and the payee must after due diligence show that he has failed to collect from the person on whom he holds the order before he can hold the drawer liable.

#### APPEAL FROM PIKE CIRCUIT COURT.

#### March 7, 1878.

Opinion by Judge Elliott:

On the 18th of September, 1861, the appellee, H. G. May, drew the following order on David May in appellant's favor:

"Mr. David May, Sir, please to pay Samuel May one hundred eighty dollars, and I will give you credit on the order on Raburn for the same, and you will oblige yours * * * Sept. 18, 1861.
                                                    H. G. May."

No suit was brought on this order, which was accepted by David May on October 8, 1861, until in July, 1871.

There is no sufficient evidence that payment could not have been coerced from David May during his life, as no attempt was made to collect the claim until after his death. If the appellant had, with

due diligence, prosecuted David May to insolvency and failed to collect his debt, the appellee would have been responsible therefor, but failing to do so he must lose it.

A common order for money, when accepted by the drawee, discharges the debt of the drawer and the payee must, after due diligence, show that he has failed to collect from the person on whom he holds the order before he can hold the drawer responsible.

There is no proof in this record that appellant made any effort to collect his debt from David May till after the Civil War, when it turned out that his estate was insufficient for the payment of his debts. The case of *Brown v. Humphreys*, 1 J. J. Marsh. 393, and others that could be cited, rule this case.

Wherefore judgment is *affirmed*.

*Apperson & Reid, for appellant.*

*D. W. Lindsey, R. T. Burns, for appellee.*